UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA BECKMAN,

                Plaintiff,                           **MEMORANDUM AND ORDER**
                                                             20-CV-3636 (RRM) (AKT)

   -against-

C. NIEMYNSKI, Caseworker; T. GREEN,
Caseworker; W. DESANTIS, Caseworker;
L. CRUZ, Caseworker; SEEMA, House
Movement Official,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

On August 12, 2020, Plaintiff Linda Beckman, ("Plaintiff"), appearing *pro se*, filed this action against Defendant employees of the Suffolk County Department of Social Services. For the reasons set forth below, the Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the Complaint with leave to amend.

**I.     Background**

According to the complaint and its attachments, the truth of which is assumed for the purposes of this Memorandum and Order, Plaintiff alleges that the Defendants have wrongly denied her public benefits and tenancy at the Greenview Inn in Riverhead, New York. Each of the Defendants is an employee of the Suffolk County Department of Social Services in Suffolk County, New York. (ECF No. 1 at 3-4.) She also seeks to assert a claim against the defendants for their failure to supervise "the lower ranking staff members." (ECF No. 1-2 at 1.) She seeks damages.

**II.    Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S.at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than normal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the Court "remain[s]obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms.,S.À.R.L.*, 90 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks he statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113(2d Cir. 2000)).

### III. Discussion

#### a. Due Process Claim

Plaintiff brings this action pursuant to the Court's federal question jurisdiction, (Compl. at 4 (asserting "195.00 official misconduct[1] by public officials under 1983")), objecting to the

---

[1] To the extent Plaintiff wishes to file criminal charges against the defendants under New York Penal Law § 195.00, she may not. As a private citizen, she lacks standing to bring criminal charges under § 195.00 or any other criminal law in federal court. *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) ("'[A] private citizen lacks a judicially

2

determinations regarding her eligibility for public benefits by her local government's department of social services.

The Court liberally construes Plaintiff's complaint regarding her housing and entitlement to benefits as a potential 42 U.S.C. § 1983 claim for the denial of her procedural due process rights. A procedural due process violation occurs when the government deprives a person of a protected life, liberty, or property interest without first providing notice and an opportunity to be heard. *See B.D. v. DeBuono,* 130 F. Supp. 2d 401, 432–33 (S.D.N.Y. 2000). To prevail on a procedural due process claim, a plaintiff must show that she possessed a protected liberty or property interest and was deprived of that interest without due process of law. *Reyes v. Cty. of Suffolk*, 995 F. Supp. 2d 215, 228 (E.D.N.Y. 2014). "It is well-settled that plaintiffs have a property interest in their government benefits which is protected by due process." *Prince v. Dep't of Soc. Servs. of Oneida Cty.*, No. 16-CV-440, 2016 WL 3526071, at *12 (N.D.N.Y. May 5, 2016), *report and recommendation adopted,* No. 16-CV-440 (DNH) (ATB), 2016 WL 3546358 (N.D.N.Y. June 23, 2016); *accord Davis v. Proud*, 2 F. Supp. 3d 460, 484 (E.D.N.Y. 2014) ("'Social welfare benefits,' such as SNAP, 'have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause.'") (quoting *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005)*; Banks v. Human Resources Admin.*, No. 11-CV-2380, 2013 WL 142374, at *2 (E.D.N.Y. Jan. 11, 2013) (citing *Goldberg v. Kelly*, 397 U.S. 254, 261–62 (1970)). If there is a protected liberty interest, then the court must determine what process is due, determine what process the state provided, and whether it was constitutionally adequate. *Davis*, 2 F. Supp. 2d at 484–85 (quoting *Rivera Powell v. N.Y. City Bd. of Elecs.*, 470 F.3d 458, 465 (2d Cir. 2006)).

---

cognizable interest in the prosecution or nonprosecution of another.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

While the complaint alleges the names of Department of Social Services employees, it fails to "disclose sufficient information to permit the defendants 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d at 541 (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991). The complaint contains minimal information about Beckman's benefits and housing, and the attachments contain generalized information about evictions in New York but almost no information about her circumstances. Although it appears that Plaintiff is dissatisfied with the duration of her residence at the Greenview Inn and that she received only $56.00 in "cash benefits" between March and July, 2020, ECF No. 1-4 at 5, it is unclear what benefits she was denied, by whom, when, and if there was any review process. Thus, Plaintiff fails to provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Since the complaint as currently stated fails to allege sufficient facts in support of her section 1983 claim, the complaint is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### b.  Leave to Amend

A court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*). Read liberally, Plaintiff's complaint gives some indication that she may have a valid due process claim. Accordingly, Plaintiff is granted thirty (30) days to file an Amended Complaint setting forth any plausible claims under 42 U.S.C. § 1983.

In order to maintain an action under § 1983, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

At a minimum, Plaintiff should set forth factual allegations regarding the conduct or events that give rise to any § 1983 claim and connect that conduct or event to the individuals she names as defendants.  Plaintiff must state what each defendant did or failed to do in violation of her civil rights.  She must also allege the date, time, and location for each event.  If plaintiff has any letters or other documents concerning the denial of benefits, she may attach them to her complaint.

### IV.    Conclusion

For the reasons set forth above, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  If Plaintiff choses to file an amended complaint, she must do so within 30 days of this Order.  The Amended Complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 20-CV-3636 (RRM) (AKT).  Plaintiff is advised that the Amended Complaint will replace the original complaint in its entirety.  To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights (non-prisoner)" form to Plaintiff.

If Plaintiff fails to submit an Amended Complaint within 30 days, or if the Amended Complaint does not comply with this Order, judgment dismissing this case shall be entered.  The

5

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 11, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge